IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARKEEM TOWNSEND,<br><br>    Plaintiff,<br><br>v.<br><br>SARAH LIEUTENANT FISHER,<br>TIFFANY SEWELL,<br>DIOMARIS LUNA-SANCHEZ, and<br>SHAWNTAVIA CLIFTON,<br><br>    Defendants. | Civil Action No.: PX-23-3137 |

## MEMORANDUM OPINION

Plaintiff Markeem Townsend, an inmate at the Maryland Correctional Institution for Women, sues Defendants Lieutenant Sarah Fisher, Sergeant Tiffany Sewell, Corrections Officer Diomaris Luna-Sanchez, and Shawntavia Clifton, asserting that she was sexually assaulted during a strip-search.[1] ECF No. 1. Pending is Defendants' motion to dismiss or, in the alternative, for summary judgment to be granted in their favor. ECF No. 14. The motion is fully briefed. ECF Nos. 21 & 22. No hearing is necessary. *See* L. R. 105.6 (D. Md. 2023). For the following reasons, Defendants' motion, construed one for summary judgment, will be granted.

### I.  Background

On December 8, 2021, the prison's Contraband Interdiction Team ("CIT") was investigating Townsend's potential possession of Suboxone. ECF No. 1 at 3; ECF No. 21 at 4, ¶ 3; ECF No. 14-2 (Use of Force Report MCIW-UOF-21-013); ECF No. 14-3 ¶ 2. As part of its investigation, Officer Clifton and Sergeant Sewell intended to strip-search Townsend in her cell.

---

[1] The Clerk shall amend the docket to reflect the correct spelling of Defendant Tiffany Sewell's name. Defendant Shawntavia Clifton, who had not been served, has since passed away. *See* ECF No. 13. The Complaint is dismissed against her.

Officer Luna-Sanchez remained on the tier, outside of Townsend's cell. ECF No. 14-3 at ¶ 3. Commander and Acting CIT Captain, Lieutenant Fisher, was also present on the tier. ECF No. 14-3 at ¶¶ 1, 3.

Townsend was dressed in a sports bra, long john pants, socks, and slide sandals. ECF No. 14-3 at ¶ 3. Officers ordered Townsend to disrobe in preparation of the search. Townsend responded, "not stripping, put me on lock-up." ECF No. 14-2 at 1, 9; ECF No. 14-2 at 6, 9. Lieutenant Fisher next came to Townsend's cell and she too ordered Townsend to submit to the strip-search, but Townsend again refused. ECF No. 14-3 at ¶ 4. Lieutenant Fisher, in response, directed Townsend to face the wall to be handcuffed. *Id.*

As Townsend turned to the wall, Townsend put her hand into her groin area, prompting Lieutenant Fisher to pin Townsend to the wall. ECF No. 14-3 at ¶ 4; ECF No. 14-2 at 3. Lieutenant Fisher next attempted to gain control of Townsend's hands, and Townsend resisted, twisting and turning her body. ECF No. 14-3 at ¶ 5; ECF No. 14-2 at 3. In response, Lieutenant Fisher directed Sergeant Sewell and Officer Clifton to take Townsend to the ground where Townsend continued to contort her body with her hand in her groin area. ECF No. 1 at 3; ECF No. 14-3 at ¶¶ 5-6.

While Townsend was on the ground, one of the officers pulled Townsend's pants down just enough so that Lieutenant Fisher could remove Townsend's hand. As Lieutenant Fisher did so, a small piece of blue latex glove flew out. ECF No. 14-3 at ¶ 6. ECF No. 14-3 at ¶ 6; ECF No. 14-2 at 7, 8, 10, 12. Townsend maintains that at this point, Lieutenant Fisher digitally penetrated her. ECF No. 1. Inmates in nearby cells purportedly heard Townsend scream "whoa your putting your fingers inside me y'all can't do that!" or words to that effect. ECF No. 21-4 at 1; ECF No. 21-5; ECF No. 15-5 at 6.

2

Eventually, officers gained control of Townsend and escorted her to the medical unit for examination. ECF No. 14-3 at ¶ 7; ECF No. 1 at 3. Although Townsend had not sustained any physical injury, she did report that Officer Lieutenant Fisher had "touched [Townsend's] private area." ECF No. 14-2 at 12. Because Townsend's accusation was sexual in nature, the prison investigated the matter and ultimately found the allegations were unsupported. ECF No. 14-5. Townsend next filed suit in this Court. ECF No. 1 at 5.

## II.     Standard of Review

The Defendants move to dismiss the claims under Federal Rule of Civil Procedure 12(b)(6) or for summary judgment to be granted in their favor under Rule 56. Such motions implicate the court's discretion under Rule 12(d). *See Kensington Vol. Fire Dep't., Inc. v. Montgomery Cty.,* 788 F. Supp. 2d 431, 436-37 (D. Md. 2011), *aff'd*, 684 F.3d 462 (4th Cir. 2012). Rule 12(d) provides that when "matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The Court maintains wide discretion "'to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.'" *Wells-Bey v. Kopp*, No. ELH-12-2319, 2013 WL 1700927, at *5 (D. Md. Apr. 16, 2013) (quoting 5C Wright & Miller, *Federal Practice & Procedure* § 1366, at 159 (3d ed. 2004, 2012 Supp.)). Because Townsend knew of the motion and presented her own evidence outside the four corners of the Complaint, the Court will treat the motion as one for summary judgment. ECF Nos. 21-2 through 21-7. *See, e.g., Moret v. Harvey*, 381 F. Supp. 2d 458, 464 (D. Md. 2005).

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). The Court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in [their] favor without weighing the evidence or assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.,* 290 F.3d 639, 645 (4th Cir. 2002). Importantly, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986) (emphasis in original). "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting Fed. R. Civ. P. 56(e)). A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 249-50.

### III.  Analysis

The Complaint avers that Defendants violated Townsend's Eighth Amendment protection against "cruel and unusual punishments" when they forcibly searched her. The Eighth Amendment to the United States Constitution "protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). An officer violates an inmate's Eighth Amendment rights when she subjects the inmate to "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). To prevail on an Eighth Amendment excessive force claim, some record evidence must show that the officer intentionally inflicted serious injury on the inmate and "with a sufficiently culpable state of mind." *Williams*, 77 F.3d at 761.

In the context of prison strip-searches, the Fourth Circuit recently has provided important guidance on assessing constitutional reasonableness. *Johnson v. Robinette,* 105 F. 4th 99, 113 (4th

4

Cir. 2024), made clear that where officers perform "sexually invasive searches," akin to strip searches for hidden contraband, the court must balance the institution's need to maintain order and discipline," *Bell v. Wolfish*, 441 U.S. 520, 546 (1979), against the inmate's right to be free from "extreme intrusion[s] upon personal privacy as well as an offense to the dignity of the individual." *Sims v. Labowitz*, 885 F.3d 254, 261 (4th Cir. 2018). In this respect, whether the search is constitutionally reasonable defies "precise definition or mechanical application." *Id.* Each case requires examining "the complete context" of the search, considering "(1) the scope of the particular intrusion; (2) the manner in which the search was conducted; (3) the justification for initiating the search; and (4) the place in which the search was performed." *Id.* (quoting *Sims*, 885 F.3d at 261). With this standard in mind, the Court turns to Townsend's claim against the Defendants.

Allegations against Sergeant Sewell are easily resolved. At best, she held Townsend's arm while Townsend resisted the initial search. Sergeant Sewell had not touched Townsend in her private area, nor did she cause or contribute to the alleged "assault." More to the point, because Townsend refused to submit to the officers' authority, the force Sewell used to restrain Townsend was reasonable under the circumstances.

The claim against Officer Luna-Sanchez is similarly resolved. Officer Luna-Sanchez had not even participated in the search. And her mere presence on the tier outside of Townsend's cell did not cause or contribute to Townsend's alleged constitutional injury. Accordingly, summary judgment is granted in Officer Luna-Sanchez' favor.

Lieutenant Fisher requires the greatest attention, as this Officer had contact with Townsend's private area. But when applying the *Bell* factors most favorably to Townsend, none permits a reasonable juror to conclude that Lieutenant Fisher violated Townsend's constitutional

rights.  As to the justification for the search, it is undisputed that officers had information that Townsend was in possession of Suboxone.  ECF No. 14-3 at 1.  As for the scope of the search, Townsend does not dispute that drugs can be easily secreted on an inmate's person, and so a search of the inmate herself is reasonable.  Nor does Townsend adduce any evidence that the time or place of the search had been overly intrusive given that officers had conducted the search in Townsend's cell.

Rather, Townsend singularly argues that manner of the search renders it a "sexual assault," and thus unconstitutional.  To be sure, an inmate who is the victim of sexual assault at the hands of prison guards suffers "grave deprivation of her Eight Amendment rights." *Woodford v. Ngo*, 548 U.S. 81, 118 (2006) (Breyer, J., dissenting); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) ("Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society.") (internal citation omitted); *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) ("A sexual assault on an inmate by a guard . . . is deeply 'offensive to human dignity.'") (citing *Felix v. McCarthy,* 939 F.2d 699, 702 (9th Cir. 1991)).  But contact alone, without accompanying intent to commit an assault, does not suffice.  *See Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012) (contact with genitalia during an "overzealous" strip-search with "no intention of humiliating the plaintiff or deriving sexual pleasure from [contact with genitals]," did not support and Eighth Amendment claim).  Perhaps most fatal to Townsend's claim is that no evidence supports that Fisher touched Townsend in a sexualized way.  Although Townsend accuses Fisher of "digitally penetrat[ing]" her, nothing supports the allegation.  At best, the record includes unsworn handwritten statements of other inmates who claim to have heard Townsend protest that

6

the officer cannot "put . . . fingers in me." ECF No. 21-6 at 1; ECF No. 21-7.[4] And while Lieutenant Fisher admits to reaching toward Townsend's groin, she denies having "penetrated" Townsend. Rather, Lieutenant Fischer attests that she reached toward Townsend's groin to remove Townsend's own hand from that area.

Moreover, even if Lieutenant Fisher had touched Townsend's private area, no evidence supports that it was for any purpose other than to secure Townsend's hand and prevent her from secreting drugs on her body. Townsend resisted the search and put her own hand down her pants toward her private parts. Rightly suspecting that Townsend may have been trying to hide drugs, Lieutenant Fisher secured Townsend's hand, and no doubt, made brief contact with her genitalia. But this is a far cry from adducing evidence that the officers' search amounted to sexual assault. Drawing all inferences in favor of Townsend, Lieutenant Fisher's contact with Townsend's genital area cannot support an Eight Amendment violation. Summary judgment is thus granted to Lieutenant Fisher's favor.

## IV.    Conclusion

Based on the foregoing, the motion, construed as one for summary judgment, is granted as to Officer Luna-Sanchez, Lieutenant Fisher and Sergeant Sewell. The Complaint is dismissed as to Officer Clifton.

A separate Order follows.

| 3/3/25 | /S/ |
|---|---|
| Date | Paula Xinis<br>United States District Judge |

---

[4] One inmate summarily describes seeing "the[m] put their fingers inside of [Townsend]," and when Townsend protested, an unnamed officer responded that Townsend "was trying to put something inside of him." ECF No. 21-5. The handwritten statement is unsworn and does not bear any indicia of reliability.